UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60359
Civil Action No. 3:97-CV-22-BN

_____

GENE BECK; SHARON BECK; THOMAS WYATT BECK;
CHARLES BRANDON BECK, Surviving Mother, Father and
Siblings of Decedent, Jason T. Beck,

Plaintiffs-Appellees-Cross-Appellants,

versus

DEAN SCOTT, Badge No. 527; LAURIE HAMLIN, Badge No. 361,
Individually and as duly commissioned police officers of the
City of Jackson, Mississippi; ROBERT JOHNSON; BRACY COLEMAN;
JIMMY WILSON, Individually and as the duly commissioned and
appointed police chiefs and interim police chiefs for the City of
Jackson, Mississippi; KANE DITTO, Individually and as Mayor for
the City of Jackson, Mississippi; STEVEN MCDONALD,
Badge No. 401, Individually and as duly commissioned
police officer of the City of Jackson, Mississippi; BARRY HOMAN,
Badge 317, Individually and as duly commissioned police officer
of the City of Jackson, Mississippi; B. A. OWENS, Badge No. 437,
Individually and as duly commissioned police officer of the City
of Jackson, Mississippi,

Defendants - Cross-Appellees,

CITY OF JACKSON, MISSISSIPPI,

Defendant - Appellant-Cross-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi

_____

July 17, 2000

Before DAVIS, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The City of Jackson has raised several complaints against the judgment in favor of appellees. Principally, the City asserts that the verdict exonerating officers Scott and Hamlin from individual section 1983 liability is inconsistent with its finding that the City is liable for a programmatic failure to train its police officers that rose to the level of unconstitutional deliberate indifference. This argument suffers from a fatal flaw. It is the courts' duty to reconcile a verdict if at all possible in order to effectuate the jury's decisions. Atlantic & Gulf Stevedores, Inc. V. Ellerman Lines, Ltd., ____ U.S. ____, 82 S.Ct. 780, 786 (1982). See also Wright & Miller, 9A Federal Civil Practice & Procedure § 2510, at 203 (1995 ed.). Read in light of the jury instructions, the verdict is not facially inconsistent. The jury instructions repeatedly explained that if the individual police officers acted with objective reasonableness under the circumstances, they might be qualifiedly immune even though the City remained liable for the unconstitutional excessive force that was caused by its inadequate training policy. The jury verdict directly applied this admonition. The City's burden, then, is to show that the instructions were incorrect. It has not done so.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

The only errors in this part of the charge are (a) an evident mis-speaking by the district court when he generally defined qualified immunity at the top of transcript p. 1180, and (b) the verdict space (unanswered by the jury) that would have held the police officers liable in their "official capacity." The City objected to neither of these errors, so our review must be for plain error. The first error is overcome by the court's correct statements on qualified immunity throughout the remainder of the charge, particularly when describing the City's possible liability for failure to train. The second error, consisting of the "official capacity" liability blank, represents a harmless, redundant expression of the principle of qualified immunity the court had articulated. It added nothing to the verdict form that was not already there and does not prevent us from understanding the intent of the verdict.

The other errors asserted by the city are meritless. We need not reach the Becks' cross-points on appeal.

The judgment is **AFFIRMED**.